**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| ALAN HINTON, | ) | CASE NO. 4:12-cv-1063 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | NANCY A. VECCHIARELLI |
| | ) | |
| TRINITY HIGHWAY PRODUCTS, LLC, | ) | |
| | ) | |
| Defendant. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |

This case is before the undersigned United States Magistrate Judge upon the consent of the parties.  (Doc. No. 5.)  Before the Court is the motion to enforce settlement agreement, filed by Defendant, Trinity Highway Products, LLC ("Trinity").  (Doc. No. 20.)  Plaintiff, Alan Hinton ("Plaintiff"), has not filed any opposition to Trinity's motion.  For the reasons set forth below, Trinity's motion to enforce the settlement agreement is DENIED.

## I.  BACKGROUND

### A.  Procedural Background

In March 2012, Plaintiff, through his then-counsel, Raymond J. Masek, filed in state court a complaint alleging a state law employment discrimination claim against Trinity, arising out of his January 2012 termination from his position with that company. (Doc. No. 1-1.)  In April 2012, Trinity removed the case to this Court, under this Court's diversity jurisdiction.  (Doc. No. 1.)  On September 18, 2012, at the request of the parties, this Court conducted a hearing on the issue of whether it should enforce a settlement agreement to which Trinity and Masek agreed and thereafter opposed by Plaintiff.  (Doc. Nos. 18, 21 (Transcript of Hearing ("Tr.").).)  During that hearing, Masek moved to withdraw from his representation of Plaintiff; Plaintiff had no objection to that motion and this Court granted it.  (Tr. 68.)  Trinity made an oral motion to enforce the settlement agreement.  (Tr. 24.)  The Court directed Trinity to file a brief in support on or before September 25, 2012, and instructed Plaintiff, now *pro se*, to file a brief on or before October 9, 2012.  (Doc. No. 18.)

On September 25, 2012, Trinity filed a motion to enforce the settlement agreement, which was accompanied by a brief in support.  (Doc. No. 20.)  Plaintiff did not file any response or other opposition.

### B.  Relevant Factual Background

The following facts are not in dispute:

Throughout August 2012, Trinity and Masek engaged in settlement negotiations that culminated in an August 21, 2012 oral agreement to settle Plaintiff's claim against

2

Trinity on the following terms: Trinity would pay Plaintiff $7,000 in exchange for his dismissal of the case and release of all claims against Trinity, and Plaintiff would not be eligible for re-employment with Trinity.  (Tr. 21-22, 51, 54.)  Thereafter, Masek advised Plaintiff that he had reached a settlement agreement with Trinity.  (Tr. 5-6, 40.)  Plaintiff objected to the terms of the settlement agreement, telling Masek that he had not authorized Masek to settle the case.  (Tr. 34-35, 40-41, 46.)

## II.    LAW & ANALYSIS

### 1.    Whether This Court Has Jurisdiction To Enforce The Settlement Agreement

Trinity argues that this Court has jurisdiction and authority to enforce the oral settlement agreement reached between itself and Masek on August 12, 2012.  Plaintiff did not address this point during the hearing on this issue, and failed to file a brief in opposition to Trinity's motion to enforce the settlement agreement.

The Sixth Circuit "has long recognized the broad, inherent authority and equitable power of a district court to enforce an agreement in settlement of litigation pending before it, even where that agreement has not been reduced to writing."  *Bostick Foundry Co. v. Lindberg*, 797 F.2d 280, 282-83 (6th Cir. 1986) (affirming the district court's order enforcing a settlement agreement and dismissing the plaintiff complaint in a diversity case); *see Kukla v. Nat'l Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973) (noting that a district court has "inherent power to summarily enforce settlement agreements entered into by parties litigant in a pending case").  Here, given Plaintiff's objection to the terms of the oral settlement agreement, the parties have not filed a stipulated notice of dismissal.  Accordingly, the case is still pending, and this Court

3

retains its inherent authority and equitable power to enforce the terms of the settlement agreement.[1]

### 2.    Whether Masek Had Authority To Settle The Case

During the September 18, 2012 hearing, Plaintiff repeatedly insisted that he had not authorized Masek to settle his claims against Trinity for $7,000.  (Tr. 34-35, 40-41, 46.)  Trinity argues that, because Masek was acting in his capacity as Plaintiff's counsel when Masek agreed to the terms of the settlement agreement on August 21, 2012, Masek had apparent authority to resolve the case, and Plaintiff cannot now refuse to comply with the terms of that agreement.  In support of its argument, Trinity cites to *Capital Dredge and Dock Corp. v. City of Detroit*, 800 F.2d 525 (6th Cir. 1986), in which the Sixth Circuit observed that, where an attorney acts with apparent authority to settle a client's claim, a third party who reaches a settlement agreement with that attorney is entitled to rely on his authority to do so:

> Generally, when a client hires an attorney and holds him out as counsel representing him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter. Thus, a third party who reaches a settlement agreement with an attorney employed to represent his client in regard to the settled

---

[1]    It is worth noting that, had the parties filed a stipulated notice of dismissal and dismissed the case, this Court would likely not have jurisdiction to enforce the settlement agreement.  *See Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 379-82 (1994) (concluding that, after the dismissal of an action, a district court must have ancillary jurisdiction or some other independent basis for jurisdiction to enforce the parties' settlement agreement).  Although this Court has not addressed the specific issue, at least one other court has concluded that the reasoning of *Kokkonen* does not apply where a party seeks to enforce a settlement agreement while the underlying suit remains pending.  *See T Street Dev., LLC v. Dereje and Dereje,* 586 F.3d 6, 11 (D.C. Cir. 2009) (holding that, while a case remains pending, a district court has jurisdiction to enforce the related settlement).

> claim is generally entitled to enforcement of the settlement
> agreement even if the attorney was acting contrary to the client's
> express instructions.

800 F.2d at 830 (internal citations omitted).  Trinity argues that, under *Capital Dredge*, it

is entitled to enforcement of the settlement agreement.

The reasoning of *Capital Dredge*, however, does not apply in this case.  It is

well established that settlement agreements "are a type of contract and are therefore

governed by contract law.  Thus, whether a settlement agreement is a valid contract

between the parties is determined by reference to state substantive law governing

contracts generally."  *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th

Cir. 1992).  In *Capital Dredge*, the Sixth Circuit applied Michigan law to determine

whether the settlement agreement at issue was enforceable.  *See* 800 F.2d at 530

("Michigan courts accept this definition of apparent agency.").  Here, there is no dispute

that the settlement agreement was negotiated in Ohio, and, thus, Ohio law applies.

Under Ohio law, absent express authorization by his client, an attorney does

not have authority – apparent or otherwise –  to settle his client's claim:

> [T]he rule regarding an attorney's authority is clear. Unless the
> attorney has been expressly authorized to do so, he has no
> implied or apparent authority, solely because he was retained to
> represent the client, to negotiate or settle the client's claims.

*Ottawa County Comm'rs v. Mitchell*, 478 N.E.2d 1024, 1029, 17 Ohio App.3d 208, 212

(Ohio Ct. App. 1984); *see Morr v. Crouch*, 249 N.E.2d 780, 783, 19 Ohio St.2d 24, 27

(Ohio 1969) ("[T]he rule in Ohio . . . is that an attorney who is without specific

authorization has no implied power by virtue of his retainer to compromise and settle his

client's claim or cause of action.").  The burden of proving agency rests upon the party

asserting it.  *See Irving Lease Corp. v. M&H Tire Co., 475 N.E.2d 127, 132, 16 Ohio App.3d 191, 195 (Ohio Ct. App. 1984)*.  "Where the parties dispute the meaning or existence of a settlement agreement, a court may not force an agreement upon the parties."  *Rulli v. Fan Co., 683 N.E.2d 337, 339, 79 Ohio St.3d 374, 378 (Ohio 1997)*. In other words, under the relevant law, in order to succeed in enforcing the settlement agreement, Trinity must demonstrate not that it had good reason to believe that Masek had authority to settle Plaintiff's claim, but, rather, that Plaintiff had expressly authorized Masek to settle his claim under the terms of the oral agreement.  *See Garrison v. Daytonian Hotel, 663 N.E.2d 1316, 1319, 105 Ohio App.3d 322, 327 (Ohio Ct. App. 1995)* (noting that whether an agent had authority to bind the principal is a question of fact, which may not be disturbed on appeal so long as it is supported "by some competent, credible evidence").

During the hearing on this issue, Plaintiff repeatedly and consistently testified that he did not authorize Masek to settle his claim against Trinity:

> Masek:      But you accept the fact in my office on the 28th or
>             29th when you finally did come down, I stated on two
>             occasions to you[,] "You authorized the settlement," I
>             told you that, too; you admit that happened?
>
> Plaintiff:  No, you did not.
>
> Masek:      No, it didn't happen?
>
> Plaintiff:  What I'm saying, if you did admit it and I told you no, I
>             wouldn't settle for no $7,000 and I repeatedly told you
>             no.  And I told you no.  And you said that's the best
>             you can do. ["]I'm trying my best to work with them.["]
>             And I said, "Mr. Masek, no, I prefer – I prefer going to
>             Court."

* * *

6

| Masek: | How can I accept an authorization for settlement for $7,000 if I hadn't had your agreement? |
|---|---|
| Plaintiff: | Well, sir, you didn't have my agreement for no $7,000, and I told you before no, I kept saying no, I kept telling you no. |

(Tr. 46-47.)  Although Plaintiff conceded that, eventually, Masek informed him that Masek had settled the case for $7,000, Plaintiff testified that he declined to accept the settlement agreement.  (Tr. 42 ("No, ma'am, I never agreed.").)

Further, on multiple occasions during the hearing, the Court asked Masek to identify the date when, and describe the circumstances under which, Plaintiff authorized him to settle Plaintiff's claim.  (Tr. 48 ("I'm a little bit confused, Mr. Masek, as to when you claim [Plaintiff] authorized $7,000."), 50 ("When did he agree to the $7,000, are you saying?"), 52 ("You still haven't answered.  When did he say he accepted a $7,000 agreement?").)  In response, Masek outlined the settlement negotiations between himself and Trinity, described his difficulties in communicating with Plaintiff, and discussed other issues involved in his representation.  (Tr. 48-55.)  He identified an approximate date after repeated questioning by the Court.  (*Id*.)  Initially, Masek asserted that Plaintiff agreed to a $7,000 settlement during a telephone conversation that took place some time around August 14, 2012.  (Tr. 54, 56.)  Later, however, he testified that "it would have been like, the latter part of July . . . when [Plaintiff] gave me the specific authority to go for the [$]7,000 . . . " (Tr. 59.)  Masek admitted, however, that there were no witnesses who could confirm that Plaintiff authorized him to settle the case for $7,000.  (*Id*.)

Trinity offered no evidence that Masek had express authority from Plaintiff to

7

settle his claim under the terms of the oral agreement.  Counsel for Trinity declined to question Masek.  (Tr. 29.)  Given Plaintiff's consistent testimony that he did not authorize Masek to settle his claim against Trinity – whether for $7,000 or under any other terms – and the lack of any evidence offered by Trinity to support Masek's testimony that Plaintiff expressly authorized Masek to do so, the evidence is insufficient to establish that Masek had the requisite authority to settle Plaintiff's claim. Accordingly, Trinity has not sustained its burden of proof on the issue of Masek's authority to resolve the case.  Under Ohio law, absent sufficient evidence that Plaintiff expressly authorized Masek to settle his claim against Trinity under the terms of the oral settlement agreement, Trinity is not entitled to enforcement of the August 21, 2012 oral agreement.

### III.    CONCLUSION

For the foregoing reasons, Trinity's motion to enforce the settlement agreement is DENIED.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
U.S. Magistrate Judge

Date: October 18, 2012

8