**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ALAN HINTON, ) | CASE NO. 4:12-cv-1063 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| TRINITY HIGHWAY PRODUCTS, LLC, ) | |
| ) | **MEMORANDUM OF OPINION** |
| Defendant. ) | Doc. No. 57 |

Before the court is the motion of plaintiff, Alan Hinton ("Hinton"), to vacate the court's judgment of May 8, 2013 denying Hinton's second motion for sanctions. Doc. No. 57. When Hinton filed his second motion for sanctions, the court had already denied an earlier motion for sanctions and entered final judgment in this case. Consequently, the court treated the second motion for sanctions as a motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) ("R. 59(e)). When the court denied the second motion for sanctions, it found that Hinton's motion asserted only arguments and facts that he asserted or could have asserted prior to the entry of judgment. Further, the court found that Hinton had cited no error of law or change in controlling law or demonstrated a need to alter the court's judgment to prevent a manifest injustice. As Hinton's second motion for sanctions failed to meet the criteria for altering or amending

judgment pursuant to R. 59(e), the court denied Hinton's motion.

Hinton's present motion to vacate is similarly construed as a motion to alter or amend judgment pursuant to R. 59(e).  It suffers from the same defects as his previous motion:  He cites no previously undiscoverable evidence, no error or change in controlling law, and no manifest injustice resulting from the court's ruling.[1]  Thus, once again, Hinton fails to meet the criteria for altering or amending judgment pursuant to R. 59(e).  The court, therefore, **DENIES** Hinton's motion.

**IT IS SO ORDERED.**

Date: June 5, 2013                                          s/ *Nancy A. Vecchiarelli*
                                                                              U.S. MAGISTRATE JUDGE

---

[1]  The court found in its Memorandum of Opinion of May 8, 2013 that the portion of the videotape sought by Hinton and which Trinity claimed did not exist was not relevant to the issues upon which the court decided the case.  *See* doc. no. 53, p. 14 n.2.  Consequently, Trinity's failure to produce that portion of the videotape, even if it existed, did not affect Hinton's case.  Moreover, Hinton never produced any evidence that defendant deviated from its regular policy in destroying tapes after seven days and/or that it had any reason tp preserve any tape recordings other than the one it preserved.